Thomas M. Burton (USB 00518)(CSB035856)
P.O. Box 1619
Salt Lake City, Utah 84110
(801) 918-1656

thomasburtonlaw@aol.com

---

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

---

| | |
|---|---|
| NELSON BELETSO<br><br>        Plaintiff,<br><br>vs.<br><br>SAN JUAN COUNTY, a body corporate and politic and CARBON COUNTY, a body corporate and politic; RICK ELDREDGE San Juan County Sheriff; WILLIAM L. SCHULTZ, San Juan County Public Defender; LYLE R. ANDERSON, San Juan County District Court Judge; and.<br><br>        Defendants | Case No.<br><br>COMPLAINT FOR DEPRIVATON OF CIVIL RIGHTS IN VIOLATION OF FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION |

Comes now plaintiff Nelson Beletso, who alleges as follows:

1

1. Defendants deprived Nelson Beletso of his constitutional rights to privacy, freedom from unreasonable search and seizure, due process, freedom from cruel and unusual punishment, and equal protection of the law, because he is a Native American member of the Navajo Tribe against whom the had a practice and course of ethnic discrimination as a matter of course.  This they did by apprehending him during the course of his driving his motor vehicle that they hoped and expected him to be doing under the influence of alcohol because he matched their view that all Native Americans in general and him in particular, are commonly unable or unwilling to control alcohol intake and to act responsibly in the course thereof.
2. At the date and time in question, Plaintiff was drinking alcohol, but was not impaired.  Utah Highway Patrolman Rick Eldredge nonetheless stopped and subjected Mr. Beletso to a Field Sobriety Test, which the officer knew that Mr. Beletso could not pass, given injuries to both knees.
3. Rather than take a blood or breath sample that would have been the required best evidence of impairment, the officer determined that Mr. Beletso could not pass the Field Sobriety Test and so unlawfully arrested him without giving him a Miranda Warning that he need not have participated in the test on grounds of the Fifth Amendment and that the test was not the best evidence of impairment.
4. Mr. Beletso was assigned a public defender, William L. Schultz, who did not raise any of the issues above, but instead advised Mr. Beletso

to plead guilty to driving under the influence of alcohol, and accept a Third Degree Felony sentence of zero to five years in prison. Mr. Beletso fired his attorney and demanded another attorney. Then the Court, refusing to appoint another attorney and over Mr. Beletso's objection, simply sentenced Mr. Beletso to the indefinite term of Zero to Five Years in prison on January 5, 2011.

5. There was no proof of Mr. Beletso's impairment and the sentence was without proof beyond a reasonable doubt, was excessive, and was unconstitutional because it was indefinite in the hands of the Utah Board of Pardons, which is an Executive Branch of the State of Utah having no constitutional prerogative with judicial sentencing.

6. Furthermore, Mr. Beletso has an addiction to alcohol disease so that he was punished for being seriously ill instead of criminally responsible.

7. Furthermore, Mr. Beletso's public defender, had previously represented the molester of Mr. Beletso's stepdaughter who was only ten years of age at the time. The District Judge, Lyle R. Anderson gave no heed to Mr. Beletso's objections to being represented by someone having a conflict of interest.

8. Accordingly, Mr. Beletso fired Mr. Schultz and requested an unconflicted defense attorney. Judge Anderson refused to do so and sentenced Mr. Beletso in the absence of counsel.

## PARTIES

9. Rick Eldredge is the Sheriff of San Juan County and is sued in his personal and representative capacity.

10. Lyle R. Anderson is a District Judge in San Juan County and is sued in his personal and representative capacity.

11. William Shultz is a San Juan County attorney and is sued in his personal and representative capacity.

12. San Juan County is a body corporate and politic and, at the time in question, was the employer of the defendants except Rick Eldredge.

13. Carbon County is a body corporate and politic and at the time during which it had Plaintiff in confinement while he was suffering from severe diabetes, the County personnel repeatedly refused his pleas for medical attention and medication.  Notwithstanding his severe loss of weight and repeated complaints of cramps, lack of sleep, and blurred vision, nothing was done to assist him, not even recording his requests for help, and the County files do not even reflect any of his complaints or requests.

14.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 10 are

4

unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff alleges that each of said fictitious Defendants is in some manner responsible for the acts hereinafter set forth. Plaintiff will amend this Complaint to show the true names and capacities of these DOE Defendants, as well as the manner in which each fictitious Defendant is responsible, when these facts are ascertained.

## JURISDICTION AND VENUE

15. This action arises under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and under Federal law, particularly Title 42 of the United States Code, Section 1983, and under the doctrine of respondeat superior of the State of Utah.

16. This court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331 and 1343, and the doctrine of pendent jurisdiction.

17. Venue lies in the District of Utah pursuant to Title 28 of the United States Code, §1391.

## COUNT ONE

(Intentional deprivation of obvious and established Civil Rights Under Color of Law, 42 USC § 1983)

18. Defendants violated the plaintiff's civil rights protected by 42 USC § 1983 and the United States Constitution in the following respects:

a. Fourth Amendment (Unlawful Search and Seizure): Defendants abridged Plaintiff's Fourth Amendment rights not to be unreasonably seized and arrested without probable cause. Mr. Beletso did nothing illegal or even provocative that warranted being seized and arrested. He was legally operating his motor vehicle on a public highway not under the influence of alcohol, which could have been and would have been easily and accurately ascertained had Rick Eldredge conducted a bona fide blood or breath test to determine whether or not Mr. Beletso was operating a motor vehicle in violation of law. There was no evidence that Mr. Beletso was, prior to being stopped, weaving or driving erratically, and he was stopped because he was a well known user of alcohol and because he was a Native American whom the police had a habit of shadowing and stalking in the hope of charging him with being under the influence of alcohol while operating a motor vehicle.

b. Fifth Amendment (Due Process): Defendants arrested plaintiff without any evidence of his violating any law. By sentencing Mr. Beletso to a third degree felony of zero to five years, Defendants

        knew and intended that Mr. Beletso would spend five years in prison, which he did. No one representing Mr. Beletso was present to object to this sentence, and it was not appealed or otherwise ever challenged.

   c.    Fourteenth Amendment (Due Process and Equal Protection): Defendants' arrested and convicted Beletso without evidence of his being in violation of any law, and deprived him of counsel during sentencing in violation of due process and equal protection of the law.

   d.    8th Amendment: (Cruel and Unusual Punishment): Defendants' punishing defendant for a dependency illness and for ignoring and refusing an obvious and grievous need for requested medical attention instead of for violating any law, was cruel and unusual punishment.

19. As a proximate result of the acts and conduct of the defendants, the plaintiff was damaged in his privileges and immunities of national and state citizenship, and suffered grievous mental and emotional distress and loss of freedom and property.

## COUNT TWO

(Invasion of Privacy)

20. Plaintiff incorporates by this reference all allegations heretofore stated.

21. Pursuant to the Utah Constitution, Mr. Beletso had a right of privacy, which Defendants violated by depriving him of freedom

over de minimis and false allegations that he was publically intoxicated while driving a motor vehicle when he was not.

22. As a proximate result of the acts and conduct of the defendants, the plaintiff was damaged in his privileges and immunities of state citizenship, and suffered grievous mental and emotional distress and loss of freedom, employment, benefits, and health.

23. As a direct and proximate result of all of the aforesaid causes of action, Plaintiff suffered a permanent loss of reputation by having his police photograph appear on the internet and by being booked into the national criminal data base.

## COUNT THREE

(Respondeat Superior)

24. Plaintiff incorporates by this reference all of the allegations heretofore stated as if there were restated in full.

25. Defendant San Juan County had a policy and practice of stalking, intimidating, and arresting Mr. Beletso whenever and wherever he travelled by automobile because, as a Native American, he was an easy target for discrimination and most likely driving after drinking alcohol.

26. Defendants were full-time employees of San Juan County acting within the course and scope of his employment.

27. San Juan County is, therefore, fully and completely responsible for any and all Defendants' negligence, reckless, illegal, unlawful, and unethical conduct that injured Nelson Beletso.

WHEREFORE, based upon the allegations recited above, Plaintiff prays for judgment against the defendants as follows:

1. Special damages in an amount no less than $5,000,000.

2. General damages in an amount no less than $300,000.

3. For reasonable attorneys fees.

4. For costs of suit.

5. Dismissal of the San Juan County conviction.

6. For such other relief as is just.

Dated:  October 17, 2016

_____

Thomas M. Burton